```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**WILLIAM RAY TAYLOR, II,**

       Petitioner

v.                              CIVIL ACTION NO. 2:09-1302

**ADRIAN HOKE, Warden,**
**HUTTONSVILLE CORRECTIONAL CENTER,**

       Respondent

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed December 3, 2009.

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who, on August 2, 2010, submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On August 17, 2010, petitioner objected to the PF&R.

In his objections, petitioner first renews his contention that his trial counsel were ineffective in failing to interview or call "key witnesses," presumably John Tyler and Mason Kirk, who are discussed in the PF&R. Petitioner's mere mention of these individuals, however, suffers from the same infirmity identified by the magistrate judge, namely, that his

sparse showing offers no basis for concluding "that their testimony would have changed the outcome of the criminal proceedings."  (PF&R at 23).  As further noted by the magistrate judge, it appears the choice to avoid calling Mr. Kirk at least was a strategic one given the unremarkable nature of his testimony at a pretrial hearing.  (See PF&R at 24).  The court thus concludes that the objection is meritless.

Second, petitioner challenges the magistrate judge's conclusion respecting juror bias.  The magistrate judge concluded, inter alia, that the state habeas court's decision denying relief on this claim was neither contrary to, nor an unreasonable application of, clearly established federal law, and not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Petitioner's challenge to this conclusion, however, found at two separate points in his objections, are insufficient to meet the magistrate judge's careful analysis.

The initial challenge, appearing at pages three through five of the objections, is essentially a recitation of that portion of the transcript, quoted as well by the magistrate judge, that supports the finding of the state trial and habeas courts that bias was not demonstrated.  The second challenge, found at page 16 of the objections, is conclusory and does not

meet the magistrate judge's analysis. The court thus concludes that the objection is meritless.

Third, petitioner challenges counsels' failure to object to trial testimony by Officer Jesse Myers. Officer Myers apparently recounted at trial an utterance by petitioner to him on the date of the offense of conviction. The statement was an admission by petitioner to the effect that "he [petitioner] had done some bad things to . . . [the victim] that he needed to pay for." (PF&R at 8 (quoting Trial Trans., Ex. 11 at 111-12)).

The portion of the transcript relied upon by petitioner is, ironically, a portion of the rather vigorous cross examination of Officer Myers by defense counsel concerning the substance of the challenged statement and the delayed manner in which Officer Myers reduced the statement to writing in an incident report. Petitioner appears to assert that Officer Myers' inability to recollect with absolute precision the precise wording of a few words contained within the statement resulted in a due process violation. Witness misrecollections of this variety, however, are not uncommon. In any event, Officer Myers' imperfect memory on the point was a matter of credibility and the evidentiary weight, if any, to be given it was a matter committed to the finder of fact. The court discerns no resultant constitutional violation.

3

Fourth, petitioner objects to the magistrate judge's conclusion respecting certain comments made by the prosecutor during his closing argument. Just days ago, our court of appeals revisited the applicable standard for prosecutorial misconduct of this genre, which is the same analysis applied by the magistrate judge:

> A prosecutor's improper closing argument may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Wilson, 135 F.3d 291, 297 (4th Cir. 1998) (citation and internal quotation marks omitted). In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, we consider (1) whether the remarks were, in fact, improper, and, (2) if so, whether the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial.

United States v. Lighty, No. 06-6, 2010 WL 3156777, at *21 (4th Cir. Aug. 11, 2010).

Assuming, without deciding, that the prosecutor's remarks were improper, the factoring test governing the second prong is exceptionally demanding. Again, as correctly set forth by the magistrate judge, the nonexclusive four-factor test is conducted "in the context of the entire trial . . . ." See Lighty, No. 06-6, 2010 WL 3156777, at *23. Petitioner's minimal showing does not approach the type of detailed and far-reaching analysis necessary to demonstrate the isolated comments infected

the entire process to the point that an unfair trial resulted. The objection is meritless.[1]

Based upon the foregoing, the court concludes that petitioner has not demonstrated any grounds for rejecting the PF&R in whole or in part.  The court, accordingly, ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted by the court and incorporated herein;

2. That the section 2254 petition be, and it hereby is, denied; and

3. That this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the pro se petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: August 30, 2010

John T. Copenhaver, Jr.
United States District Judge

---

[1] Petitioner appears to assert one additional contention.  He asserts that the defense rested despite the fact that other individuals remained on the witness list.  Petitioner has not specified how counsel was ineffective in failing to call these additional unnamed witnesses.  Assuming this claim was properly exhausted, it is not meritorious.